UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-142 |
| | § | |
| PEDRO GUERRA-RUIZ | § | |

### ORDER DENYING CONSTRUED MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

Before the Court is Pedro Guerra-Ruiz' notice of appeal and motion to appoint counsel for direct appeal that were received by the Clerk on February 5, 2014. (D.E. 28, 29). The Court construes Guerra-Ruiz' notice of appeal to include a motion for extension of time to file a notice of appeal. For the reasons stated below, the motions are denied.

Guerra-Ruiz was convicted of possession with intent to distribute 851 grams of Methamphetamine after his guilty plea and was sentenced to 180 months imprisonment on July 23, 2013. (D.E. 26). The judgment was entered on July 31, 2013.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[1] Fed.

---

[1] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
> (i) the entry of either the judgment or the order being appealed; or
> (ii) the filing of the government's notice of appeal.

R. App. P. 4(b). Guerra-Ruiz' notice of appeal had to be filed on or before August 14, 2013. The notice of appeal is dated December 17, 2013.[2] No envelope was retained by the Clerk. Although Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory. *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (following *Bowles v. Russell*, 551 U.S. 205, 211-13 (2007)). A defendant does not have a right to have his untimeliness for filing a notice of appeal disregarded. *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006). Because Guerra-Ruiz' notice of appeal was mailed (even if the December 17, 2013 date is correct) beyond the time limit to grant an extension of time, the Court denies the motion to extend the time and also denies the motion to appoint counsel.

For these reasons, Guerra-Ruiz' motion to appoint counsel for direct appeal and construed motion for an extension of time to file a notice of appeal (D.E. 28, 29) are DENIED. The Clerk is instructed to forward the form for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 to Guerra-Ruiz.[3]

ORDERED this 7th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

Rule 4(b)(4) states: "Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

[2] Because the Clerk received the notice of appeal on February 5, 2013, and it was mailed from Three Rivers, Texas, the Court doubts that the date on the document accurately reflects the date the document was mailed. There is no certificate of service.

[3] Guerra-Ruiz may file a motion pursuant to 28 U.S.C. § 2255 if he wishes to develop his contention that his attorney was ineffective for failing to file a notice of appeal or any other complaint of ineffective assistance of counsel.