UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-142 |
| | § | |
| PEDRO GUERRA-RUIZ | § | |

# ORDER

This matter is before the Court on remand from the Fifth Circuit Court of Appeals to determine whether Defendant/Movant Pedro Guerra-Ruiz is entitled to an out-of-time appeal. (D.E. 37). The Court appointed counsel on March 24, 2014, and heard evidence at a hearing on June 3, 2014.[1] After considering the evidence, the Court finds that Guerra–Ruiz did not instruct his attorney to file a notice of appeal after he was sentenced, but instead signed a document advising counsel that he did not wish to appeal his sentence.

## I. BACKGROUND AND EVIDENTIARY HEARING

Guerra-Ruiz was convicted of possession with intent to distribute 851 grams of methamphetamine and was sentenced to 180 months imprisonment on July 23, 2013. (D.E. 26). His sentence was less than the sentencing guideline range of 210-262 months. The judgment was entered on July 31, 2013, so Guerra-Ruiz' notice of appeal was due by August 14, 2013.

---

[1] This case was remanded for an evidentiary hearing on an unopposed motion filed by the Federal Public Defender on Guerra-Ruiz' behalf. The motion referred to 28 U.S.C. § 2255 and cases involving § 2255 in requesting relief. However, the remand order from the Fifth Circuit did not treat this matter as a § 2255 proceeding, and neither the parties nor this Court treated the hearing as a § 2255 proceeding.

Both Guerra-Ruiz and his former counsel testified at the June 3rd hearing. Guerra-Ruiz testified that the Court advised him at sentencing that he had 14 days to file an appeal. He then met with his counsel immediately after the sentencing hearing. He first testified that he did not tell his counsel that he wished to appeal, but later testified that he did tell his counsel he wanted to appeal. He testified that his counsel discussed a document with him regarding an appeal. His counsel told him to sign the document indicating that he did not want to appeal, and he did so. He knew what he was signing, and he signed the document because he was upset about his sentence. However, when he signed the document, he told his counsel that he wished to appeal. Guerra-Ruiz did not telephone or write to his counsel after the day of sentencing to discuss an appeal. He was transferred to the Bureau of Prisons in Three Rivers, Texas, about a month after sentencing. He went to the prison library and learned that he could file an appeal up to a year after sentencing, so he sent a letter to the Court in December 2013 requesting an appeal.

Guerra-Ruiz' was represented by an Assistant Federal Public Defender. She testified that she and Guerra-Ruiz discussed an appeal several times while the case was pending. They discussed an appeal before he pled guilty, and he rejected a plea agreement, in part, because it would have required him to waive his right to appeal. They also discussed an appeal when preparing for the sentencing hearing, and again immediately after the sentencing hearing.

Counsel testified that the Federal Public Defender has a form titled "Decision Regarding My Appeal" which is printed in English and Spanish. The attorneys discuss

this form with their clients after sentencing. The form provides three options regarding an appeal: the client can elect not to appeal, to appeal the sentence only, or to appeal the conviction and sentence. A copy of the form signed by Guerra-Ruiz was admitted into evidence during the hearing. Guerra-Ruiz initialed the line on the Spanish side of the form stating that he did not want to appeal. He signed the form in front of his counsel, who also signed and dated the form. Additionally, counsel marked "no appeal" on Guerra-Ruiz' file folder, and initialed it with the date of sentencing.

Counsel denied that Guerra-Ruiz told her he wanted to appeal when they met after the sentencing hearing, and she did not receive any communication from him after that meeting. Counsel testified that she tells clients that they can change their mind about an appeal within 14 days of sentencing, but they need to let her know. She stated that she would have filed a notice of appeal if Guerra-Ruiz had told her he wanted to appeal.

## II. ANALYSIS

This Court originally determined that Guerra-Ruiz' request to file an appeal in December 2013 was untimely. Defendant's only avenue to appeal is to show that he asked his counsel to file an appeal and she failed to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). An attorney's failure to file a notice of appeal when her client has requested she do so constitutes ineffective assistance of counsel, and is a violation of the Sixth Amendment. *Id.* Counsel's failure to file an appeal, if prejudicial, entitles the defendant to an out-of-time appeal. *United States v. West,* 240 F.3d 456, 459 (5th Cir. 2001). But "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 477.

## III.   CONCLUSION

Guerra-Ruiz admits that he signed the appeal decision form indicating that he did not want to appeal. The Court FINDS that Guerra-Ruiz did not instruct his attorney to file a notice of appeal after he was sentenced. Therefore, Guerra-Ruiz is not entitled to an out-of time appeal.

ORDERED this 9th day of June, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE