UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-142 |
| | § | |
| PEDRO GUERRA-RUIZ | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Pedro Guerra-Ruiz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 48.[1] The Court has reviewed the § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2013) (2255 RULES) is appropriate.

**I. BACKGROUND**

Guerra-Ruiz was indicted for possession with intent to distribute 1.68 kilograms of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He pled guilty to the indictment without a written plea agreement and without waiving his right to appeal.

A Presentence Investigation Report (PSR) was prepared. Guerra-Ruiz's base offense level of 36 was based upon the actual quantity of methamphetamine, 851 grams. After credit for acceptance of responsibility, Guerra-Ruiz's total offense level was 33. With a criminal history category V, his advisory guideline sentencing range was 210 to

---

1. Docket entry references (D.E.) are to the criminal case.

262 months. Sentencing was held on July 23, 2013. The Court adopted the PSR and sentenced Guerra-Ruiz to 180 months, a downward variance from the advisory guideline range. Judgment was entered on the docket on August 1, 2013.

Guerra-Ruiz filed a late notice of appeal pro se on February 5, 2014. This Court construed Guerra-Ruiz's notice as a motion for extension of time to file a notice of appeal and denied the motion. The Fifth Circuit Court of Appeals granted Guerra-Ruiz's motion to vacate this Court's denial of his motion and remanded for a hearing on whether he should be entitled to an out-of-time appeal. On June 9, 2014, this Court found Guerra-Ruiz did not ask his trial attorney to file an appeal with the Fifth Circuit and was therefore not entitled to an out-of-time appeal. The record is silent until Guerra-Ruiz filed the presently-pending § 2255 motion on January 12, 2015.

## II. MOVANT'S ALLEGATIONS

Guerra-Ruiz claims that his trial counsel was ineffective for failing to: (1) file timely objections to the PSR; (2) object to an erroneously-calculated base offense level; (3) object to an erroneously-calculated criminal history category; and (4) preserve issues and/or perfect the record for appeal. He also complains that the Court unconstitutionally enhanced his base offense level and criminal history at sentencing.

## III. ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a

sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B.  Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United*

---

2.  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Guerra-Ruiz's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). Judgment was entered on August 1, 2013; his conviction therefore became final on August 15, 2013. Guerra-Ruiz did not file his § 2255 motion until January 12, 2015, roughly five months after the statute of limitation expired on August 15, 2014.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Guerra-Ruiz must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Guerra-Ruiz has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. Although he did attempt to file an out-of-time appeal, that filing did not toll AEDPA's one-year statute of limitations. Accordingly, the Court concludes that Guerra-Ruiz's failure to file his § 2255 motion within the one-year limitations period requires that the motion be denied as time-barred. Because the Court determines that the motion is time-barred, it does not reach the merits of his asserted grounds for relief.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Guerra-Ruiz has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Guerra-Ruiz cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Guerra-Ruiz is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Guerra-Ruiz's § 2255 motion (D.E. 48) is **DENIED** pursuant to Rule 4(b) of the 2255 RULES and he is **DENIED** a Certificate of Appealability.

ORDERED this 1st day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE